UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| GAVIN HOWARD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 7:24-cv-187-MHH-GMB |
| JAMES YOUNG, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Gavin Howard, an inmate at Pickens County Jail in Carrollton, Alabama, filed this action pursuant to 42 U.S.C. § 1983. (Doc. 1). In his complaint, Mr. Howard alleges violations of his rights under the Fourth Amendment by defendants James Young and Andrew/Drew Wade based on an alleged false arrest, illegal detention, and malicious prosecution. (Doc. 1).[1] Mr. Howard also alleges an Eighth Amendment claim against defendant Patricia Jones for her alleged deliberate indifference to his medical needs. Mr. Howard contends that Ms. Jones denied medical care after he slipped in a shower, refused to refill his "pump" (which the Court understands to be an asthma inhaler – Doc. 4) after he inhaled mold, and denied his request for a mental health exam, (Doc. 1). Mr. Howard alleges defendant

---

[1] Mr. Howard alleges that Mr. Wade works for a bank. (Doc. 1). The Court does not understand Mr. Howard's constitutional claim against Mr. Wade.

Patrick Collerd violated the Eighth Amendment when he refused to answer Mr. Howard's inmate grievances, refused to provide Mr. Howard a pump, took funds Mr. Howard's family sent, supplied toilet paper only once per week, supplied soap only once per month, denied medical care for Mr. Howard's back pain, denied Mr. Howard's request for mental health care, and forced Mr. Howard to pay for stamps. (Doc. 1).

Mr. Howard filed with his complaint an application to proceed *in forma pauperis*. (Doc. 2). The Magistrate Judge has recommended that the Court deny Mr. Howard's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) because, without prepayment of a filing fee, Mr. Howard already has filed several § 1983 actions that the Court has dismissed for failure to state a claim. (Doc. 3). Mr. Howard objects to the Magistrate Judge's recommendation. (Doc. 4).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objective to."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed

findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)).  *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

As the Magistrate Judge noted, Mr. Howard has filed at least four cases that have been dismissed as meritless, including: *Howard v. Bailey*, 7:22-cv-661-AMM-GMB (N.D. Ala. May 23, 2022) (dismissed for failure to state a claim); *Howard v. State of Alabama*, *et al.*, 7:21-cv-1599-LSC-GMB (N.D. Ala. Dec. 2, 2021) (dismissed for failure to state a claim); *Howard v. Pickens Cty., Ala., et al.*, 7:21-cv-1153-AMM-GMB (N.D. Ala. Aug. 23, 2021) (dismissed for failure to state a claim); and *Howard v. West Ala. Bank of Trust, et al.*, 7:21-cv-1127-AMM-GMB (N.D. Ala. Aug. 18, 2021) (dismissed for failure to state a claim).  Therefore, under the Prison Litigation Reform Act, unless he is in imminent danger of serious physical injury, to file another lawsuit, Mr. Howard must pay the full filing fee. 28 U.S.C. § 1915(g).

The Court has reviewed the complaint and Mr. Howard's objections to the Magistrate Judge's report and has nothing to add to the Magistrate Judge's analysis of Mr. Howard's claims against Mr. Young and Mr. Wade for false arrest, illegal detention, and malicious prosecution.  Similarly, the Magistrate Judge's analysis of Mr. Howard's Eighth Amendment claim against Mr. Collerd does not require

additional discussion; that analysis is sound. With respect to Ms. Jones, in his objections, Mr. Howard asserts that he suffered severe breathing problems because of his exposure to mold, and Ms. Jones refused to refill his asthma inhaler pump. (Doc. 4, pp. 1-2). Mr. Howard contends that as a result, he passed out and fell, suffering injury. (Doc. 4, pp. 1-2). Facially, the allegation suggests imminent danger of serious physical injury, but a closer look indicates that the allegation is strategic, not substantive. In his complaint, Mr. Howard alleged that he slipped and fell in the shower because the shower was flooded. (Doc. 1, p. 12). He did not assert that his allegations concerning mold and his need for a refill of his asthma inhaler related to his fall in the shower. Mr. Howard may not reformulate his factual allegations to avoid payment of the filing fee under 28 U.S.C. § 1915(g). Based on the factual allegations in Mr. Howard's complaint, which the Court accepts as true for purposes of this order, the Magistrate Judge properly concluded that Mr. Howard's allegations concerning Ms. Jones do not indicate that he is in imminent danger of serious medical harm.

Therefore, having reviewed *de novo* the materials in the Court's electronic docket, the Court adopts the Magistrate Judge's report and accepts his recommendation. By separate order, because Mr. Howard did not pay the filing and administrative fees of $405.00 when he filed this complaint, the Court will dismiss this action without prejudice.

**DONE** and **ORDERED** this May 8, 2024.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE